UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Comcast of Massachusetts I, Inc.**<br>Plaintiff | Case No: 05-11837NMG |
| vs. | ANSWER *AND COUNTERCLAIM* |
| | *AND* |
| **Frederick DeStefano,**<br>Defendant | *DEMAND FOR TRIAL*<br>*BY JURY* |

## Introduction

The alleged Defendant, Frederick DeStefano, is deceased. Mr. DeStefano passed away on August 30, 2003. (See copy of Death Certificate, attached hereto as Exhibit A and incorporated by reference herein). For the last several months of his life, Mr. DeStefano resided in a nursing care facility. Mr. DeStefano's cause of death was congestive heart failure and a consequential cause of his death related to Dementia, from which he suffered for years prior to his death.(See Exhibit A). This Complaint is being answered as a courtesy to the Court and to Plaintiff's Counsel as Mr. DeStefano left no assets and for that reason no Probate was filed. Plaintiff's counsel was previously notified in writing on or about May 27, 2004 relative to Mr. DeStefano's death. (See Exhibit B attached). The Plaintiff's counsel has neither acknowledged nor responded to said notice. Mr. DeStefano's son Rick DeStefano with whom he lived is answering the allegations to the best of his knowledge and belief. The Plaintiff's claim may be defective on its face as the alleged Defendant is more properly Mr. DeStefano's estate.

1. The allegations contained in paragraph 1 of the Plaintiff's complaint are denied as they are without any factual basis.
2. The allegations contained in paragraph 2 of the Plaintiff's complaint are denied. By way of further answer, the Plaintiff has not provided any specific detail relative to Plaintiff's claim that an alleged "conversion of Plaintiff's property" has occurred.
3. The allegations contained in paragraph 3 are admitted.
4. The allegation contained in paragraph 4 which relate to the past tense, i.e. the fact that Defendant was an individual are admitted for the period of time during which the Defendant was alive (to wit, July 29, 1917-August 30, 2003). As to the Plaintiff's contention that Mr. DeStefano *"is "* an individual that allegation is denied due to Mr. DeStefano's having departed from this earth on August 30, 2003.

5. The allegations contained in paragraph 5 of the Plaintiff's Complaint are denied as they purport to bring a claim against a deceased person, for whom there is absolutely no proof of ownership of property and as to which there is no proof of conversion of property.
6. The allegations contained in paragraph 6 are denied in that they rely on the truth and veracity of the previous paragraphs and the truth and veracity of paragraphs1,2,4 and 5 are without any factual basis.
7. The allegations contained in paragraph 7 of the Plaintiff's Complaint are neither denied nor admitted but left to the Plaintiff to prove.
8. The allegations contained in paragraph 8 are denied. By way of further answer, the allegations fail to delineate specific prior entities by names or by historical time frame and therefore the allegations cannot be specifically addressed or even understood by the reader.
9. The allegations contained in paragraph 9 of the Plaintiff's Complaint are denied.
10. The allegations contained in paragraph 10 of the Plaintiff's Complaint are denied as they are without any factual basis.
11. The allegations contained in paragraph 11 of the Plaintiff's Complaint are admitted.
12. The allegations contained in paragraph 12 of the Plaintiff's Complaint are neither admitted or denied but are left to the Plaintiff to prove.
13. The allegations contained in paragraph 13 of the Plaintiff's Complaint are denied.
14. The allegations contained in paragraph 14 of the Plaintiff's Complaint are denied.
15. The allegations contained in paragraph 15 of the Plaintiff's Complaint are denied.
16. The allegations contained in paragraph 16 of the Plaintiff's Complaint are denied.
17. The answers to paragraphs 1 through 16 are repeated and reaverrred as if fully set forth herein.
18. The allegations contained in paragraph 18 of the Plaintiff's Complaint are denied.
19. The allegations contained in paragraph 19 of the Plaintiff's Complaint are denied.
20. The allegations contained in paragraph 20 of the Plaintiff's Complaint are denied.
21. The allegations contained in paragraph 21 of the Plaintiff's Complaint are denied.
22. The allegations contained in paragraph 22 of the Plaintiff's Complaint are denied insofar as they allege that there was interception and use of cable transmissions and insofar as said cable transmissions were the "property" of the Plaintiff herein.
23. The allegations contained in paragraph 23 of the Plaintiff's Complaint are denied.

24. The answers to paragraphs 1 through 23 of the Plaintiff's Complaint are repeated and reaverred as if fully set forth herein.
25. The allegations contained in paragraph 25 of the Plaintiff's Complaint are denied.
26. The allegations contained in paragraph 26 of the Plaintiff's Complaint are denied.
27. The allegations contained in paragraph 27 of the Plaintiff's Complaint are denied.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred from the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred under the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the equitable doctrine of laches, estoppel, and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

If the Plaintiff suffered damages, said damages were the consequences of its own actions or the actions of third parties for whom the Defendant was not responsible.

**WHEREFORE,** Defendant prays that this Court dismiss this action and award Defendant's estate with costs and expenses incurred in the defense of this action.

## COUNTERCLAIM

The Defendant's estate seeks costs and attorneys fees. The Defendant, Plaintiff in Couterclaim, also seeks a finding that this is a baseless **and** frivolous action brought after Defendant was informed of Mr. DeStefano's death.

**Wherefore,** Defendat's Estate, Plaintiff in Counterclaim, requests judgment against the Plaintiff, Defendant in Counterclaim for its costs and any legal fees which may be incurred as a result of Plaintiff's frivolous and baseless claim.

*DEFENDANT'S ESTATE REQUESTS A TRIAL BY JURY.*

Date: October 19, 2005

Frederick DeStefano, deceased, by his next of kin, (his son) and on behalf of the Estate of Frederick DeStefano,

_____
Frederick A. DeStefano, Jr.
11A Washington Street
Newton, MA 02458
617-549-1264


## CERTIFICATE OF SERVICE

I, Frederick A. DeStefano, Jr. on behalf of the Estate of Frederick DeStefano, and as next of kin(his son), hereby certify that I have served the within Answer and Counterclaim upon the Plaintiff and Defendant in Counterclaim, "Comcast", by serving a copy of same via first class mail, postage prepaid upon Comcast's counsel of record in this matter:

John M. McLaughlin
Green, Miles, Lipton &Fitz-Gibbon LLP
P.O. Box 210
77 Pleasant Street
Northampton, MA 01061-0210

_____
Frederick A. DeStefano, Jr. as next of kin and on behalf of the Estate of Frederick DeStefano.

Dated: October 19, 2005

EXHIBIT A

**The Commonwealth of Massachusetts**
STANDARD CERTIFICATE OF DEATH
REGISTRY OF VITAL RECORDS AND STATISTICS

372-2003

| Field | Value |
|---|---|
| Decedent Name | Frederick A DeStefano |
| Sex | M |
| Date of Death | August 30, 2003 |
| Place of Death (City/Town) | Newton |
| County | Middlesex |
| Hospital/Institution | Newton Health Care |
| Place of Death | Nursing Home |
| Social Security Number | 019 12 9596 |
| Race | White |
| Education | 10 |
| Age | 86 |
| Date of Birth | July 29, 1917 |
| Birthplace | Boston, Mass. |
| Marital Status | Widowed |
| Last Spouse | Marie Scalia |
| Usual Occupation | General Contractor |
| Kind of Business | Construction |
| Residence | 11 A Washington St. Newton, Middlesex, Mass. |
| Zip | 02458 |
| Father | Joseph DeStefano |
| Father Birthplace | Italy |
| Mother | Virginia Marini |
| Mother Birthplace | Italy |
| Informant | Frederick A DeStefano Jr. |
| Informant Address | 11 A Washington St. Newton, Mass. 02458 |
| Relationship | Son |
| Disposition | Cremation |
| Funeral Service Licensee | Andrew J Magni |
| License # | 5066 |
| Place of Disposition | Mt Auburn Cemetery |
| Location | Cambridge, Mass. |
| Date of Disposition | Sept. 5, 2003 |
| Facility | Andrew J Magni Funeral Home 365 Watertown St. Newton, Mass. 02458 |

**29. PART I - Cause of Death**

- a. Immediate Cause: CONGESTIVE HEART FAILURE — 4 YEARS
- b. Due to: DEMENTIA — 4 YEARS

| Field | Value |
|---|---|
| Manner of Death | Natural |
| Med Exam Notified | No |
| Certifying Physician Signature | Murali [Ramadurai] MD |
| Date Signed | September 01 2003 |
| Hour of Death | 11:30 A M |
| Certifier Name/Address | MURALI RAMADURAI MD, 6 BRACEBRIDGE RD, NEWTON MA 02459 |
| License No. | 73463 |
| Pronouncement Form on File | Yes |
| Date Pronounced | August 30, 2003 |
| Time Pronounced | 11:30 A M |
| Pronouncer | HILDA H WU |
| Title | R.N. |
| Date Burial Permit Issued | Sept. 3, 2003 |
| Received in City/Town | Newton |
| Date of Record | Sept. 3, 2003 |

Signature of Board of Health Agent: Helen C. Fangone
Clerk's Signature: Edward G. English

A True Copy
Attest
Edward G. English
City Clerk of Newton, Mass.

May 27, 2004

Mr. John M. Mclaughlin
31 Trumbull Road
Northampton, MA 01060

Dear Mr. Mclaughlin:

I am responding to your correspondence dated April 20, 2004. On behalf of my father deceased August 30th 2003, I enclose a copy of his death certificate.

Sincerely,


Rick DeStefano